IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-00127-WYD

ROGER A. DEINES,

     Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

     Defendant.

---

**ORDER**

---

THIS MATTER is before the Court in connection with Plaintiff's Application for an

Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 (filed

April 24, 2012).  Plaintiff's Application seeks an award of attorney's fees in the amount

of $9,292.50 at the rate of $175.00 per hour, and costs in the amount of $232.02.

Plaintiff's counsel attaches documentation in support of the motion.[1]  Defendant filed a

response on May 3, 2012, and Plaintiff filed a reply on June 11, 2012.

On June 20, 2012, Plaintiff filed a Motion for Amendment to Original Application

for an Award of Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C.

§ 2412, seeking additional fees and costs.  The amended amount sought is $9,952.50

---

[1]  According to the motion, Plaintiff reduced the number of hours incurred for work in 2010 and 2011 from 126.40 hours to 53.10 hours "to reduce inadvertent billing and in the interest of compromise." (Pl.'s Mot. at 3.)

in attorney fees and $277.02 in costs.  Defendant filed a response to that motion on

June 25, 2012.

Thereafter, on October 17, 2012, Plaintiff filed a number of supplemental motions

for fees which are largely duplicative, essentially requesting a status report or a ruling

as to her original motion for fees under the Equal Access to Justice Act ["EAJA"].  (ECF

Nos. 38, 39 and 40.)  The motions also make a separate request for fees under 42

U.S.C. § 406(b)(1) in the amount of $8,138.00 for work done from 2007 to 2010 at the

administrative level.  The total of fees sought when this new request is taken into

account is $18,090.50.  Plaintiff notes on that issue that the Commissioner has withheld

for attorney fees 25% of the amount from Plaintiff's back pay award of $105,000, in the

amount of $26,450.

Turning to my analysis, I first address Plaintiff's request for EAJA fees.  The

EAJA provides for an award of attorney's fees to a prevailing party in a civil action

brought against the United States unless the court finds that the position of the United

States was substantially justified or special circumstances make an award unjust.  28

U.S.C. § 2412(d)(1)(A).  "Substantially justified" has been defined by the Supreme Court

as "justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*,

487 U.S. 552, 565 (1988).  Thus, the government's position must have had a

reasonable basis in both law and fact.  *Id.*  "The government's 'position can be justified

even though it is not correct.'"  *Hackett v. Barnard*, 475 F.3d 1166, 1172 (10th Cir. 2007)

(quoting *Pierce*, 487 U.S. at 566 n. 2).  The burden of establishing that the

government's position was substantially justified rests with the government.  *Id.*

In the case at hand, the Commissioner asserts that Plaintiff's EAJA Application should be denied because the government's position in the case was substantially justified.  While the Court determined that the ALJ made several errors in assessing Plaintiff's residual functional capacity ["RFC"], he argues that the agency's position was substantially justified because there is medical and nonmedical evidence that reasonably supports the ALJ's finding that Plaintiff could perform some light and sedentary work, citing *Nutting v. Astrue*, No. 05-cv-00876-WDM, 2009 WL 4828525 (D. Colo. Dec. 9, 2009).

I reject this argument.  As the Commissioner notes, I found that the ALJ failed to properly weigh the opinions of treating physician Dr. Reed in connection with the RFC assessment and did not state whether Dr. Reed's opinions were entitled to controlling weight.  (March 26, 2012, Order, ECF No. 23, at 6.)  While the Commissioner points to the fact that the ALJ stated he was giving "lesser weight" to Dr. Reed's opinions and, in fact, accepted part of Dr. Reed's findings (Tr. 40, 43), it is undisputed that the ALJ committed reversible legal error by not applying the treating physician rule to this physician.  This is not substantially justified, particularly given the other errors the ALJ made as discussed below.  *See Dorman v. Astrue*, 435 F. App'x 792, 796 (10th Cir. 2011) (a legal error committed by an ALJ may justify an award of fees).

Further, while I found that the reasons given by the ALJ for rejecting Dr. Reed's opinions were not valid (March 26, 2012 Order at 9), the Commissioner argues that it was at least reasonable for the ALJ to find that the objective findings from Dr. Reed's medical reports and from other examining medical sources, such as Dr. Kahler, were not

indicative of an impairment of disabling severity.  Again, I disagree.  The objective

evidence did not support the ALJ's findings.  As I noted in the Order, the ALJ either

made misstatements about the objective evidence and/or improperly substituted his own

judgment for the medical professionals in construing that objective evidence.  (*See id.* at

9-10.)

The Commissioner also contends that the Court was concerned that the ALJ did

not adequately articulate how the evidence supported the physical component of the

residual functional capacity finding.  However, he argues that courts have described

articulation standards in the context of a social security case as flexible, and have

concluded that deficiencies in articulation alone generally do not warrant an award of

attorney fees.  The Commissioner argues that, as in the cases cited in his response,

there was record evidence to support the ALJ's decision.  Thus, he contends that there is

evidence sufficient to conclude that the Commissioner's position was substantially

justified.  Again, I disagree.  This is not a situation where the ALJ simply was not as

thorough as he should have been.  Instead, it is entirely unclear how the ALJ arrived at

his findings regarding Plaintiff's physical limitations, as he rejected the medical evidence

as to same.  (March 26, 2012 Order at 6.)  In other words, his RFC as to Plaintiff's

physical impairments was entirely unsupported by the evidence.

Finally, as to credibility, the Commissioner notes the Court's finding that the ALJ

erred in assessing Plaintiff's credibility because the ALJ appeared to rely heavily on the

lack of objective findings for the pain and on Plaintiff's lack of treatment and failure to

take pain medications.  The Commissioner argues that it nonetheless was reasonable for

the ALJ to conclude, in conjunction with other credibility factors discussed by the ALJ,

that the objective medical evidence was inconsistent with Plaintiff's complaints of

disabling pain.  Further, he argues that it was reasonable for the ALJ to consider the

large gaps in Plaintiff medical treatment history and his explicit rejection of

recommended physical therapy.  Again, I disagree and find that Defendant's position on

this issue was not substantially justified.  The ALJ failed to apply the proper legal

analysis regarding pain or to appropriately analyze the factors that must be considered.

Further, he improperly substituted his judgment about the medical evidence that,

contrary to the ALJ's findings, substantiated Plaintiff's complaints of pain.  Under these

circumstances, with the many legal errors committed, I find that the Commissioner's

position was not substantially justified.

The next issue is the amount of EAJA fees that should be awarded.  On that issue

I must look at the number of hours expended in the case.  In determining whether the

fees are excessive, I must determine whether the hours spent representing the Plaintiff

were "reasonably expended."  *See Blum v. Stenson*, 465 U.S. 886, 901 (1984); *Hensley

v. Eckerhart*, 461 U.S. 424, 437 (1983); see also 28 U.S.C. § 2412(d)(2)(A).  "A district

court should approach this reasonableness inquiry 'much as a senior partner in a private

law firm would review the reports of subordinate attorneys when billing clients.'"

*Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Ramos v.

Lamm*, 713 F.2d 545, 555 (10th Cir. 1983)).  In making this determination, the court

should "examine hours allotted to specific tasks."  *Ramos*, 713 F.2d at 554.

The Commissioner does not dispute the amount of fees or costs sought in this case or argue that the fees are excessive.  He also does not dispute the hourly rate of Plaintiff's counsel regarding the fees sought.  I have independently reviewed the amount of fees sought and the hourly rate and find that they are reasonable, particularly since Plaintiff's counsel has voluntarily reduced the amount of fees sought and her hourly rate. Accordingly, Plaintiff's counsel will be awarded fees in the full amount requested in the motion seeking EAJA fees–$9,952.50 plus $277.02 in costs, totaling $10,229.52.

I now turn to Plaintiff's motions requesting an additional award of fees in the amount of $8,138.00 under 42 U.S.C. § 406(b)(1).  Section 406(b) states, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."   note that Plaintiff entered into a contingent fee agreement whereby counsel would be awarded 25% of the fees.  Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-09 (2002).  Instead, "§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements."  *Id.*

In this case Plaintiff contracted with his counsel to pay 25% of past-due benefits (ECF No. 40-1), and the amount of fees sought by counsel is less than that.  The requested fee is reasonable because it reflects the contingent nature of the recovery.  I

also find that the fee is reasonable because there was a substantial risk of loss in

connection with the case, Plaintiff's attorney devoted considerable time and effort to

presentation of Plaintiff's position, and the results obtained were favorable to Plaintiff.

Finally, a response to Plaintiff's request was filed on October 31, 2012, indicating that the

Commissioner does not dispute a reasonable fee under § 406.  Further, it does not

argue that the fees sought by Plaintiff are unreasonable.  However, the Commissioner

correctly notes that in the event Plaintiff's motions are granted, Plaintiff's counsel must

refund to Plaintiff the lesser of the two fees awarded under the EAJA and § 406.

In conclusion, it is

ORDERED that Plaintiff's Application for an Award of Attorney's Fees Under the

Equal Access to Justice Act 28 U.S.C. § 2412 filed April 24, 2012 (ECF No. 25), as

supplemented on June 20, 2012 (ECF No. 34) is **GRANTED**.  Plaintiff is awarded

**$9,952.50** in attorney fees and **$277.02** in costs.  It is

FURTHER ORDERED that Plaintiff's supplemental motions for fees filed on

October 17, 2012 (ECF Nos. 38-40) requesting an award of fees under 42 U.S.C. § 406

are **GRANTED**.  Plaintiff's counsel is awarded an additional attorney fee sum in the

amount of **$8,138.00**.  The total amount of attorney fees awarded is **$18,090.50** plus the

$277.02 awarded in costs.  Finally, it is

ORDERED that Plaintiff's counsel shall refund to Plaintiff the lesser of the two

fees awarded–in this case the fees awarded under 42 U.S.C. § 406 in the amount of

**$8,138.00**.

Dated:  November 7, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge